UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL FAHEY,<br><br>　　　　Petitioner,<br>v.<br>WARDEN LAGRAND, *et al.*,<br><br>　　　　Respondents. | Case No. 3:14-cv-00119-MMD-WGC<br><br>ORDER |

　　This action, filed by a Nevada state prisoner proceeding *pro se,* was opened by the Clerk of Court as petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

　　The Court has reviewed the documents initiating this action. Neither a filing fee nor an application to proceed *in forma pauperis* was submitted with the petition. Petitioner must either submit the $5.00 filing fee for habeas petitions or an application to proceed *in forma pauperis.* Additionally, there was no petition among the initiating documents submitted in this case. Instead, there is merely a document labeled "traverse." A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, a federal habeas petition must specify all grounds for relief and "state the facts supporting each ground." Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v.*

*McGuire*, 502 U.S. 62, 68 (1991). As a habeas petition was not submitted in this case, Petitioner fails to state any cognizable claim for habeas relief.

Due to the lack of an *in forma pauperis* application or filing fee, and the lack of a federal habeas petition, the present action will be dismissed without prejudice to the filing of a new petition in a new action with a pauper application with all required attachments. It does not appear from the papers presented that a dismissal without prejudice would result in a promptly-filed new petition being untimely. In this regard, petitioner at all times remains responsible for calculating the running of the limitations period as applied to his case and properly commencing a timely-filed habeas corpus action.

It is therefore ordered that this action is dismissed without prejudice to the filing of a new petition in a new action.

It is further ordered that the Clerk of the Court shall send petitioner two (2) copies of an *in forma pauperis* application form for a prisoner, one (1) copy of the instructions for the same, two (2) copies of a blank 28 U.S.C. § 2254 habeas petition form, and one (1) copy of instructions for the same.

It is further ordered that petitioner may file a new petition in a new action, but he may not file further documents in this action.

It is further ordered that the Clerk of the Court shall enter judgment accordingly.

DATED THIS 5th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE